UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

DONALD KLINKMAN, and
MARIE KLINKMAN,

    Plaintiffs,

v.                             Case No. 2:23-cv-00583-SPC-KCD

TRUIST BANK,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Defendant Truist Bank's Motion to Dismiss (Doc. 16), along with Plaintiffs Donald and Marie Klinkman's opposition (Doc. 23). As it must, the Court treats the factual allegations in the Complaint (Doc. 1) as true and construes them in the light most favorable to Plaintiffs. *See Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Still, for the below reasons, the Court denies the Motion.

This is an action to recover damages for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.,* and Regulation X, 12 CFR § 1024 *et seq*. Plaintiffs bought a home for which Defendant became the mortgage loan servicer. As required by the mortgage, Plaintiffs timely and fully paid insurance premiums, including premiums for flood insurance, into their escrow account. In July 2021, Defendant did not timely pay the AAA

1

flood insurance premium when it came due. Plaintiffs contacted Defendant and AAA to remedy the non-payment, after which Defendant acknowledged the mistake and paid AAA to reinstate the flood insurance policy.

In July 2022, the AAA flood insurance policy renewal premium was due. Unknown to Plaintiffs, Defendant again did not pay the insurance premiums out of the escrow account. So Plaintiffs' insurance lapsed. In late August or early September 2022, Plaintiffs received a letter from Defendant about it buying force-placed flood insurance for their home because there was no proof of flood insurance. Confused, Plaintiffs tried to contact Defendant. But Defendant could not figure out the mistake or would not take time to do so.

Around September 15, 2022, Plaintiffs received a letter from Defendant advising them that their property was insured through American Security Insurance Company ("Assurant"). The premium for the force-placed flood insurance should have been paid from the escrow account maintained and administered by Defendant. But Plaintiffs didn't know that Defendant yet again did not pay the insurance premium.

Frustrated with their issues with Defendant, Plaintiffs paid off their mortgage, and two weeks later, disaster struck. Hurricane Ian devastated Plaintiffs' home. Plaintiffs could not report their loss to AAA because the policy lapsed due to Defendant's failure to timely pay the insurance premium from the escrow account. Plaintiffs reported the loss to Assurant. But the claim

was denied. According to Assurant, no active policy existed for Plaintiffs' home because Defendant never paid the premiums for the force-placed policy. Assurant's claim denial was the first Plaintiffs learned they had no flood insurance.

So Plaintiffs now sue Defendant under RESPA and Regulation X for failure to timely pay insurance premiums out of their escrow account, as required, resulting in their failure to be insured when Hurricane Ian struck (Doc. 1). For its part, Defendant moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

To survive a Rule 12(b)(6) motion, a plaintiff must plead enough facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). A formulaic recitation of the elements of a cause of action will not be enough. *Id.* "Factual allegations must be enough to raise a right above the speculative level[.]" *Id.* When considering a motion to dismiss, courts must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. Against this standard, the Court turns to Defendant's Motion to Dismiss.

Both RESPA and Regulation X require loan servicers to make timely payments from escrow accounts. Specifically, RESPA provides:

> (g) Administration of escrow accounts. If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer *shall make payments* from the escrow account for such taxes, insurance premiums, and other charges *in a timely manner as such payments become due.*

12 U.S.C. § 2605(g) (emphasis added). And the relevant Regulation X states:

> (a) Timely escrow disbursements required. If the terms of a mortgage loan require the borrower to make payments to the service of the mortgage loan for deposit into an escrow account to pay taxes, insurance premiums, and other charges for the mortgaged property, the servicer *shall make payments* from the escrow account *in a timely manner*, that is, *on or before the deadline* to avoid a penalty, as governed by the requirements in § 1024.17(k).

12 CFR § 1024.34 (emphasis added).

Plaintiffs claim that Defendant breached its duty to timely pay insurance premiums out of the escrow account not once, not twice, but three times, resulting in them being uninsured when Hurricane Ian struck. Defendant's Motion does not address its failure to timely pay the insurance premiums but shifts the blame to Plaintiffs. Defendant argues because Plaintiffs paid off their mortgage two weeks before Hurricane Ian, they were no longer loan servicers when the hurricane hit and cannot be liable.

Taking Plaintiffs allegations as true, the claimed uncured RESPA and Regulation X violations occurred in July 2022 and September 2022, and were first discovered by Plaintiffs after Assurant denied their claim. Under this timeline (and at this stage of litigation), Defendant was the loan servicer when Plaintiffs' AAA policy premium was due in July 2022 and was the loan servicer in September 2022 when it sent Plaintiffs a letter advising them that their property was insured through Assurant. Had Defendant timely-paid the AAA flood insurance premium in July 2022 when it was due, as required by both RESPA and Regulation X, the AAA policy would have been in effect when Hurricane Ian struck. The Complaint thus states a plausible claim for relief, and Defendant's Motion is denied.

Accordingly, it is

**ORDERED:**

Defendant Truist Bank's Motion to Dismiss (Doc. 16) is **DENIED**. Defendant must answer the Complaint on or before **October 18, 2023**.

**DONE and ORDERED** in Fort Myers, Florida on October 4, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record